IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JEFFREY A. PLEASANT, | ) |
|     Petitioner, | )    Case No. 7:20-cv-00233 |
| v. | ) |
| | ) |
| J. C. STREEVAL, | )    By: Michael F. Urbanski |
|     Respondent. | )    Chief United States District Judge |

## MEMORANDUM OPINION

Jeffrey A. Pleasant, a federal inmate proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Pleasant claims that his prosecution and conviction for possession of a firearm as a convicted felon are no longer valid in light of the Supreme Court's decision in Rehaif v. United States, 588 U.S. ___, 139 S. Ct. 2191 (2019). He also alleges that the Federal Bureau of Prisons improperly failed or refused to designate a state correctional facility as the place of confinement for his federal sentence. The respondent has filed a response in opposition. For the following reasons, the petition will be dismissed without prejudice for lack of jurisdiction and for failure to exhaust administrative remedies.

### I.    BACKGROUND

On November 9, 2000, a federal grand jury in the Eastern District of Virginia returned a multi-count superseding indictment against Pleasant. See United States v. Pleasant, No. 3:00-cr-00071 (E.D. Va. Nov. 9, 2000). The government had previously filed a notice of intent to rely on prior convictions to support an enhanced sentence. Id. (E.D. Va. Oct. 10, 2000). Pleasant's prior convictions included multiple convictions for statutory burglary and grand larceny for which he received multi-year prison sentences. See Presentence Report, ECF No. 6-2, at 9–17. Additionally, on May 1, 2000, Pleasant was convicted of credit card forgery in the

Circuit Court of Chesterfield County, Virginia, and on August 1, 2000, he was convicted of robbery and use of a firearm in the commission of a felony in that same court. Id. at 17–18.

On December 12, 2000, a jury in the Eastern District of Virginia convicted Pleasant of two counts of interfering with commerce by threats or violence, in violation of 18 U.S.C. § 1951; two counts of carrying a firearm during and in relation to a crime of violence, and two counts of possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c); and one count of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g). United States v. Pleasant, 31 F. App'x 91, 92 (4th Cir. 2002). The district court determined that Pleasant qualified as an armed career criminal under 18 U.S.C. § 924(e) and sentenced him to a total term of imprisonment of 622 months. Id. Following his sentencing hearing, Pleasant was returned to the custody of the Virginia Department of Corrections to serve the sentences imposed for his convictions in the Circuit Court of Chesterfield County. See Pet., ECF No. 1, at 8.

Pleasant's federal convictions and sentence were affirmed on direct appeal. Pleasant, 31 F. App'x at 93. He subsequently filed multiple motions under 28 U.S.C. § 2255, all of which were unsuccessful. See Pleasant v. Breckon, No. 7:19-cv-00200, 2020 U.S. Dist. LEXIS 49008, at *1–6 (W.D. Va. Mar. 20, 2020) (summarizing Pleasant's long history of litigation in the Eastern District of Virginia).

In June 2019, the Supreme Court issued its decision in Rehaif, which "clarified the mens rea requirement for firearms-possession offenses, including the felon-in-possession offense." Greer v. United States, 593 U.S. ___, 141 S. Ct. 2090, 2095 (2021). "In felon-in-possession cases after Rehaif, the Government must prove not only that the defendant knew

2

he possessed a firearm, but also that he knew he was a felon when he possessed the firearm." Id. (emphasis in original); see also Rehaif, 139 S. Ct. at 2200 ("We conclude that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm.").

In April 2020, while in the custody of the Warden of United States Penitentiary Lee, Pleasant filed the instant petition under 28 U.S.C. § 2241. Relying on Rehaif, Pleasant argues that his prosecution and conviction under § 922(g) are no longer valid because the government was not required to prove that he knew he was a felon. See Pet. at 7–8; see also Pet.'s Resp., ECF No. 8, at 24 (claiming that the alleged "Rehaif error" affected "the trial" and the "decision to have him prosecuted federally"). Pleasant also claims that the Federal Bureau of Prisons (BOP) has improperly failed or refused to grant his request for a nunc pro tunc designation of a state prison facility as a location for service of his federal sentence. Pet. at 8.

## II. DISCUSSION

### A. Claims based on Rehaif

Turning first to Pleasant's claims under Rehaif, the respondent argues that Pleasant is unable to satisfy all of the requirements of the savings clause of 28 U.S.C. § 2255 and therefore cannot challenge his felon-in-possession conviction in a petition for writ of habeas corpus under § 2241. For the following reasons, the court agrees.

When a prisoner seeks to challenge the validity of a federal conviction or sentence, he ordinarily must file a motion to vacate under § 2255. In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). "Nonetheless, § 2255 includes a 'savings clause' that preserves the availability of § 2241

3

relief when § 2255 proves 'inadequate or ineffective to test the legality of [a prisoner's] detention.'" Hahn v. Moseley, 931 F.3d 295, 300 (4th Cir. 2019) (quoting 28 U.S.C. § 2255(e)). The requirements of the savings clause are jurisdictional. United States v. Wheeler, 886 F.3d 415, 426 (4th Cir. 2018).

The United States Court of Appeals for the Fourth Circuit has crafted a three-part test for determining when a prisoner can challenge a federal conviction by way of the savings clause. In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). Under that test, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. (paragraph breaks added). If any one of these requirements is not satisfied, the court may not entertain a § 2241 petition challenging the validity of a federal conviction. See Wheeler, 886 F.3d at 425 ("The savings clause . . . does not concern criteria for a successful § 2241 petition; rather, it provides whether that petition may be entertained to begin with.").

Upon review of Pleasant's petition, the court concludes that it fails to satisfy the second requirement of In re Jones. As this court and others have previously held, Rehaif did not change the substantive law such that the conduct of which Pleasant was convicted is no longer criminal. See Erby v. Breckon, No. 7:18-cv-00588, 2020 U.S. Dist. LEXIS 51626, at *17–18 (W.D. Va. Mar. 24, 2020) (citing cases), aff'd, No. 20-6814, 2021 U.S. App. LEXIS 38003 (4th

4

Cir. Dec. 22, 2021); see also Miller v. Streeval, No. 7:20-cv-00314, 2021 U.S. Dist. LEXIS 183488, at *7–8 (W.D. Va. Sept. 24, 2021) (citing cases). Possession of a firearm after having been convicted of a felony "remains a crime after Rehaif, albeit with an additional element of proof." United States v. Duell, No. 2:20-cv-00662, 2021 U.S. Dist. LEXIS 42522, at *9 (W.D. Pa. Mar. 8, 2021); see also Harbin v. Streeval, No. 7:20-cv-00012, 2021 U.S. Dist. LEXIS 7544, at *7 (W.D. Va. Jan. 14, 2021) ("[I]t is still illegal for felons, among others, to possess firearms."). And the additional element recognized in Rehaif—that the defendant knew he was a felon—is easily proven in most cases, particularly where, as here, the defendant had been convicted of multiple felony offenses. See Greer, 141 S. Ct. at 2097–98 ("If a person is a felon, he ordinarily knows he is a felon . . . . That simple truth is not lost upon juries. Thus, absent a reason to conclude otherwise, a jury will usually find that a defendant knew he was a felon based on the fact that he was a felon . . . . Before their respective felon-in-possession offenses, both Greer and Gary had been convicted of multiple felonies. Those prior convictions are substantial evidence that they knew they were felons.") (emphasis in original); United States v. Lavalais, 960 F.3d 180, 184 (5th Cir. 2020) ("Convicted felons typically know they're convicted felons. And they know the Government would have little trouble proving they knew.").

Based on the foregoing, the court concludes that Pleasant's petition does not satisfy the second requirement of In re Jones. Because Pleasant has not shown that the substantive law changed such that the conduct of which he was convicted is no longer criminal, he cannot challenge the validity of his § 922(g) conviction under § 2241. Accordingly, his Rehaif-based claims will be dismissed without prejudice for lack of jurisdiction.

### B. Request for nunc pro tunc designation

Pleasant also claims that the BOP improperly failed or refused to grant his request to have a state correctional facility designated nunc pro tunc as a location for service of his 622-month federal sentence. Pleasant alleges that he "attempted to exhaust his administrative remedies" by submitting a BP-229 form to the Warden's office and that "it has been more than 20 days with no response." Pet. at 8.

After a district court sentences a federal defendant, the Attorney General, through the BOP, is responsible for administering the defendant's sentence. See United States v. Wilson, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621). Under 18 U.S.C. § 3621(b), the BOP has "the authority to order that a prisoner serve his federal sentence in any suitable prison facility 'whether maintained by the Federal Government or otherwise'" and "may therefore order that a prisoner serve his federal sentence in a state prison." Setser v. United States, 566 U.S. 231, 235 (2012) (quoting 18 U.S.C. § 3621(b)). "Thus, when a person subject to a federal sentence is serving a state sentence, the Bureau may designate the state prison as the place of imprisonment for the federal sentence—effectively making the two sentences concurrent—or decline to do so—effectively making them consecutive." Id. (footnote omitted). The BOP "sometimes makes this designation while the prisoner is in state custody and sometimes makes a nunc pro tunc designation once the prisoner enters federal custody." Id. at n.1.

Before seeking relief under § 2241 regarding a nunc pro tunc designation request, a federal inmate must exhaust his administrative remedies within the BOP. See Brown v. Canaan, 763 F. App'x 296, 298 (3d Cir. 2019) (affirming the dismissal of a § 2241 petition for failure to exhaust); Nichols v. Coleman-Low, 458 F. App'x 844, 845 (11th Cir. 2012)

(remanding with instructions to dismiss a § 2241 petition for failure to exhaust administrative remedies); United States v. Singh, 52 F. App'x 711, 712 (6th Cir. 2002) (emphasizing that "[c]omplete exhaustion of administrative remedies is a prerequisite to seeking review of the BOP's calculation of sentencing credit"). "Failure to exhaust may only be excused upon a showing of cause and prejudice." McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (citing Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001)).

The BOP provides a four-step administrative remedy process for federal inmates. See 28 C.F.R. §§ 542.10 to 542.19. First, an inmate must attempt to informally resolve a complaint. Id. § 542.13. Second, if an inmate is dissatisfied with the response, he must submit a formal request for administrative remedy by filing a BP-9 (or BP-229) form with the Warden. Id. § 542.14; see also Variste v. Woods, No. 2:19-cv-00131, 2019 U.S. Dist. LEXIS 149749, at *2 (M.D. Ala. Aug. 30, 2019) (noting that Administrative Remedy Form BP-229 is commonly referred to as a "BP-9" form). Third, an inmate must appeal the Warden's decision by filing a BP-10 form with the Regional Director within 20 calendar days of the date of the Warden's decision. Id. § 542.15. If an inmate does not receive a response from the Warden within 20 calendar days, "the inmate may consider the absence of a response to be a denial at that level" and proceed to the next level. Id. § 542.18. Finally, an inmate must appeal the Regional Director's response by filing a BP-11 form with the General Counsel within 30 calendar days of the date the Regional Director signed the response. Id. § 542.15. "Appeal to the General Counsel is the final administrative appeal," id., and "[a]n inmate has not exhausted his administrative remedies until completing each of these steps," Eldridge v. Berkebile, 576 F. App'x 746, 747 (10th Cir. 2014).

7

It is clear from the record that Pleasant did not exhaust his administrative remedies before filing the instant petition. As indicated above, Pleasant states that he submitted a BP-229 form to the Warden and that "it has been more than 20 days with no response." Pet. at 8. Once Pleasant failed to receive a timely response from the Warden, however, the applicable regulations authorized him to consider the absence of a response to be a denial at that level of the administrative remedy process. See 28 C.F.R. § 542.18. Rather than proceeding to the next level of appeal in accordance with the regulations, Pleasant proceeded directly to federal court. He therefore failed to exhaust his administrative remedies with respect to his request for a nunc pro tunc designation. Because he has not shown cause or prejudice to excuse his failure to exhaust, the court will dismiss this claim without prejudice.

### III.  CONCLUSION

For the reasons stated herein, the court **DISMISSES** Pleasant's petition without prejudice for lack of jurisdiction and for failure to exhaust administrative remedies. An appropriate order will be entered herewith.

Entered: January 24, 2022

Michael F. Urbanski
Chief U.S. District Judge
2022.01.24 14:38:30 -05'00'

Michael F. Urbanski
Chief United States District Judge